IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADVOCARE INTERNATIONAL, LLC, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:21-mc-34-N-BN |
| JON NOVAK AND JENNIFER NOVAK, | § § § § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. *See* Dkt. No. 34.

**Background**

Plaintiffs Jon and Jennifer Novak ("the Novaks") were independent distributors for Defendant AdvoCare International, LLC. When AdvoCare converted from a multi-level to single-level compensation model, the Novaks no longer desired to be independent distributors. They filed an arbitration demand on September 11, 2019, alleging claims arising from the compensation model change. AdvoCare filed counterclaims against the Novaks.

On December 4, 2020, the Arbitrator rendered an Interim Award [Dkt. No. 28 at 14] and disposed of all issues except for attorneys' fees, which were to be addressed

in the Final Award. The Interim Award ordered that both AdvoCare and the Novaks take nothing by way of their claims and counterclaims. After the Interim Award was issued, both AdvoCare and the Novaks timely filed motions for the award of attorneys' fees and costs, as well as responses opposing the other party's motion.

The Final Award [Dkt. No. 28 at 4] stated that AdvoCare is entitled to recover $258,611.00 in reasonable and necessary attorneys' fees and that the Novaks are entitled to recover $59,935.50 in reasonable and necessary attorneys' fees. Therefore, offsetting the amounts, the Novaks were ordered to pay AdvoCare $198,675.50. The Novaks have not yet paid any amount ordered by the Arbitrator.

AdvoCare filed a Motion to Confirm Arbitration Award on March 26, 2021, arguing that a court's review of the arbitration process is extremely limited that and a court may only vacate or modify if one of the four exceptions from Section 10(a) of the Federal Arbitration Act are met, which they argue are not here. AdvoCare filed an amended Motion to Confirm on April 16, 2021.

The Novaks filed the Motion to Vacate or Modify Arbitration Award on May 18, 2021. The Novaks argue that the arbitration award should be vacated because the arbitrator exceeded his powers in awarding AdvoCare its attorneys' fees. In response, AdvoCare argues that their Motion to Vacate or Modify Arbitration Award fails because (1) the Novaks waived this argument and (2) their position is not supported by applicable law.

The undersigned concludes that the Motion to Confirm the Arbitration Award should be granted and the Motion to Vacate the Arbitration Award should be denied.

## Legal Standards

The Federal Arbitration Act ("FAA") "embodies the national policy favoring arbitration." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006). Under the FAA, an arbitration award must be confirmed unless it is vacated, modified, or corrected "as prescribed" in Sections 10 and 11. *Hall St. Assocs. LLC v. Mattel, Inc.*, 552 U.S. 576, 577 (2008). Sections 10 and 11, respectively, provide the FAA's exclusive grounds for vacatur and modification. *See id*. These grounds cannot be modified by contract. *See id*. The party seeking vacatur of an arbitration award bears the burden of proof, and the reviewing court must decide any uncertainties or doubts in favor of sustaining the award. *See Soaring Wind Energy, LLC v. CATIC USA, Inc.*, 333 F. Supp. 3d 642, 651 (N.D. Tex. 2018) (quoting *Brabham v. A.G. Edwards & Sons Inc.*, 376 F.3d 377, 385 (5th Cir. 2004)).

The FAA permits a district court to vacate an arbitration award in limited circumstances:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

Additionally, the FAA permits a district court to modify or correct the award in limited circumstances:

>  (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
> (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
> (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C. § 11(a)-(c).

The court must confirm an arbitration award "as long as the arbitrator's decision 'draws its essence' from the contract," in other words "the arbitrator's decision is rationally inferable from the letter or purpose of the underlying agreement." *Timegate Studios, Inc. v. Southpeak Interactive, LLC*, 713 F.3d 797, 802 (5th Cir. 2013) (quoting *Executone Info. Sys.*, Inc. v. Davis, 26 F.3d 1314, 1320 (5th Cir. 1994)). "[T]he question is whether the arbitrator's award was so unfounded in reason and fact, so unconnected with the wording and purpose of the ... agreement as to manifest an infidelity to the obligation of an arbitrator." *Executone*, 26 F.3d at 1325.

Arbitrators exceed their powers if they "act contrary to express contractual provisions." *Diverse Enters., Ltd. Co., LLC v. Beyond Int'l, Inc.*, 827 F. App'x 422, 424 (5th Cir. 2020). Vacatur is proper when awards ignore "plain and unambiguous" contractual limitations. *Id.* Any ambiguity or doubt regarding whether an arbitrator acted within the scope of his authority will be resolved in the arbitrator's favor. *See id.* When a party asserts that an award should be vacated on the grounds of an arbitrator exceeding power, the court focuses on "whether the award, however arrived at, is rationally inferable from the contract." *Id.* An arbitration award may not be

vacated for "mere mistake of fact or law." *Rain CII Carbon, LLC v. ConocoPhillips Co.*, 674 F.3d 469, 472 (5th Cir. 2012). Further, "arbitrators enjoy inherent authority to police the arbitration process and fashion appropriate remedies to effectuate this authority." *Hamstein Cumberland Music Grp. v. Williams*, 532 F. App'x 538, 543 (5th Cir. 2013) (upholding an award of fees where both parties sought fee recovery).

## Analysis

I. The Court should not vacate the Final Arbitration Award.

The Novaks' request that this Court enter an Order vacating the Arbitrator's award of attorney's fees depends on the theory that the arbitrator exceeded the scope of his powers because he "already found the Novaks claims to be outside the contract." The statutory exception on which the Novaks rely for vacatur is "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made." 9 U.S.C. § 10(a)(4).

The applicable section of the AdvoCare Policies, Procedures, and Compensation Plan states:

> THE ARBITRATOR HAS THE DISCRETIONARY AUTHORITY TO AWARD THE COSTS OF THE ARBITRATION, THE ARBITRATOR'S FEES, AND ANY REASONABLE AND NECESSARY LEGAL FEES INCURRED IN CONNECTION WITH A DISPUTE RESOLVED IN FAVOR OF THE PREVAILING PARTY.

Dkt. No. 28 at 90.

An award of attorneys' fees could be rationally inferred from this provision because both sides were determined to be prevailing parties and both sides submitted requests for attorneys' fees after the Interim Award was issued. *See Diverse Enters.*,

827 F. App'x at 424. Both sides were determined by the Arbitrator to be prevailing parties as defendants. *See* Dkt. No. 28 at 8.

And broad discretion is given to arbitrator agreements for interpretation purposes. *See ConocoPhillips*, 674 F.3d at 472. When the arbitrator interpreted "reasonable and necessary legal fees incurred in connection with a dispute" to mean attorneys' fees, both parties waived any argument that "reasonable and necessary legal fees incurred in connection with a dispute" did not mean attorneys' fees when they did not raise this issue during arbitration, and both submitted requests for attorneys' fees after the Interim Award. *See Light-Age, Inc. v. Ashcroft-Smith*, 922 F.3d 320, 321 (5th Cir. 2019).

An award must be confirmed unless it is vacated, modified, or corrected "as prescribed" in Sections 10 and 11. *See Hall St. Assocs.*, 552 U.S. at 577. Here, the Arbitrator was within his scope of powers when he determined that both parties were entitled to attorneys' fees, as determined pursuant to the Policies, Procedures, and Compensation Plan.

The Final Award in favor of AdvoCare should be confirmed and final judgment in conformity with the Final Award should be entered.

II. The Court should not modify the Final Award.

Similar to the analysis for vacatur, an award must be confirmed unless it is vacated, modified, or corrected "as prescribed" in Sections 10 and 11. *See Hall St. Assocs.*, 552 U.S. at 577. Because none of the statutory exceptions for modification or correction of an Arbitrator's award apply and attorney's fees could rationally be

inferred from the provision of the AdvoCare Policies, Procedures, and Compensation Plan, the request for modification or correction should be denied.

III.   AdvoCare's request for pre- and post- judgment interest as well as an award of attorneys' fees incurred in defending against the Motion to Vacate should be denied.

AdvoCare's request for pre- and post- judgment interest and request for an award of attorneys' fees incurred in defending against the Motion to Vacate should be denied. The applicable provision of the Final Award states:

> Based on the language of the Contract and the various contexts of its use of the word "dispute," the Arbitrator does not read the word "dispute" in Section I, Chapter 11, section 11.9 as including post-arbitration litigation to confirm, modify, or set aside the arbitration award. Thus, the Arbitrator concludes the (albeit conditional) recovery of attorneys' fees for such efforts is not authorized by Contract.

Because the Final Award explicitly states that post-arbitration costs will not be awarded, and because the Final Award should not be vacated or modified, AdvoCare's request for post-arbitration costs, pre- and post- judgment interest, and attorneys' fees incurred in defending against the Motion to Vacate should be denied.

IV.   The Novaks waived the argument that the Arbitrator had no authority to award fees under a contract.

The Novaks waived the argument that the Arbitrator had no authority to award fees under a contract when they did not raise this argument during arbitration and requested an award of attorneys' fees from AdvoCare. After the Interim Award was issued, both the Novaks and AdvoCare timely filed motions for the award of attorneys' fees and costs. Dkt. No. 28 at 5.

The Fifth Circuit has consistently held that arguments are to be considered

waived if they are not raised during the arbitration process. *See Light-Age*, 922 F.3d at 321 (holding that a party waives an objection to an arbitrator's conflict of interest if the party has constructive knowledge of the conflict at the time of the arbitration hearing but fails to object); *see also Brook v. Peak Int'l, Ltd*, 294 F.3d 668, 669, 673-74 (5th Cir. 2002) (holding that even when the AAA "seriously erred" by deviating from the parties' contractual selection process, the objection was waived because the plaintiff never objected to the selection process during arbitration).

Arbitration remains an adversarial event, and parties must insist upon the enforcement of their contractual rights before the arbitrators as they do in court. *See Brook*, 294 F.3d at 673. This is especially true if any case is to be made, under the exceedingly narrow statutory standards, for a later judicial review of the arbitration. *See id*. Therefore, the Novaks have waived the argument that the Arbitrator had no authority to award attorneys' fees because they did not raise this during Arbitration and requested an award of attorneys' fees against AdvoCare.

## Recommendation

The Court should grant AdvoCare's Amended Motion to Compel Arbitration Award [Dkt. No. 10] and deny the Novaks Motion to Vacate or Modify the Arbitration Award [Dkt. No. 16] and confirm the Final Award.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV.

P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 5, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE